FILED

JUN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DEMAS WAI YAN,<br><br>Debtor,<br><br>------------------------------<br><br>DEMAS WAI YAN,<br><br>Appellant,<br><br>v.<br><br>TONY FU; CRYSTAL LEI; WEI SUEN; BRYANT FU; STELLA HONG CHEN,<br><br>Appellees. | No. 12-15204<br><br>D.C. No. 11-CV-1814-RS<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner.

I
Background

Demas Wai Yan, a bankruptcy debtor, filed a cross-complaint against Tony Fu, Crystal Lei, Wei Suen, Bryant Fu, and Stella Hong Chen. The bankruptcy court dismissed the cross-complaint, and the district court affirmed the dismissal. Yan appealed to this court, which affirmed the district court's judgment. *See In re Yan*, ___ Fed. App'x ___, 2014 WL 1032059, at *1 (9th Cir. 2014). The court

upheld the determination that Yan's claims accrued or could reasonably have been contemplated before the bankruptcy petition was filed, and therefore were properly included in the bankruptcy estate. *Id*. The court noted, as did the lower courts, that Yan declined an opportunity to amend his cross-complaint. *Id*.

Lei, Suen, Bryant Fu, and Chen filed a motion under 28 U.S.C. § 1927 and Federal Rule of Appellate Procedure 38 for an award of sanctions against Yan, a now-suspended attorney. *Id*. In a memorandum disposition, the court granted the request in the motion for attorneys' fees and double costs on appeal pursuant to Rule 38, stating that Yan's position on appeal was wholly without merit. *Id*. The court awarded attorneys' fees and double costs on appeal pursuant to Rule 38. *Id*. The court referred the determination of the amount of attorneys' fees and double costs to the Appellate Commissioner. *Id*. Yan's petition for rehearing was denied.

Lei, Suen, Bryant Fu, and Chen filed pro se notices that they were no longer represented by counsel. Lei filed a pro se amendment to the motion for sanctions regarding the amount of requested fees and costs, Yan filed an opposition, and Lei and Chen filed a pro se reply.

II
Analysis

A. Attorneys' Fees

    1. Allen Matkins Leck Gamble Mallory & Natsis LLP

Lei, Suen, Bryant Fu, and Chen request attorneys' fees on appeal in the amount of $20,610 for 56.6 hours of work from January 30, 2012 through November 29, 2012 (February 14 through December 6, 2012 invoices) at hourly rates of $235, $345, $455, and $555 by a paralegal and three attorneys from Allen Matkins, as follows:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Betz | 3.1 | $555 | $ 1,503.50 |
| Hawkins | 10.4 | $455 | $ 4,732.00 |
| McLaughlin | 38.6 | $345 | $13,317.00 |
| Terry | 4.5 | $235 | $ 1,057.50 |
| Total | 56.6 | | $20,610.00 |

In a pro se amendment to the motion for sanctions, Lei requests additional attorneys' fees on appeal in the amount of $8,639.50 for 26.2 hours of work from December 3, 2012 through November 21, 2013 (January 8, 2013 through December 9, 2013 invoices) at hourly rates of $245, $255, $345, $390, $555, and $585 by two paralegals and two attorneys from Allen Matkins, as follows:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Betz | 1.5 | $585 | $ 877.50 |
|  | 0.9 | $555 | $ 499.50 |
| McLaughlin | 3.5 | $390 | $ 1,365.00 |
|  | 9.2 | $345 | $ 3,174.00 |
| Cuenca | 0.4 | $255 | $ 102.00 |
| Terry | 10.7 | $245 | $ 2,621.50 |
| Total | 26.2 |  | $ 8,639.50 |

Yan did not file an opposition to the motion for sanctions, but Yan opposes the pro se amendment to the motion for sanctions. Yan contends that the attorneys' fees request does not comply with Ninth Circuit Rule 39-1.6, because it is not accompanied by Ninth Circuit Form 9, and therefore that it must be denied. In a pro se reply, Lei and Chen submitted Ninth Circuit Form 9, but completed only the "total compensation requested" box and did not show the number of hours requested for various appellate tasks.

Yan cites no authority for the contention that an attorneys' fees request must be denied for failure to include Form 9, and the contention lacks merit. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). The motion for sanctions and the pro se amendment are accompanied by Allen Matkins invoices containing "a detailed itemization of the tasks performed each date and the amount

of time spent by each lawyer and paralegal on each task," as required by Ninth Circuit Rule 39-1.6. Although the attorneys' fee request is not "accompanied by [a completed] Form 9, or a document that contains substantially the same information," 9th Cir. R. 39-1.6, the information requested on Form 9 can be gleaned from a review of the invoices and the court's docket. The attorneys' fee request is adequate to allow review of the reasonableness of the requested hours.

Yan also contends that the request under 28 U.S.C. § 1927 for attorneys' fees in the amount of $151,563.50 for the entire proceeding, including the bankruptcy court and district court litigation, is "excessive and exorbitant, and has no relationship to the actual attorneys' fees incurred by appellee, let alone reasonable attorneys' fees." The court did not, however, grant the request for attorneys' fees under 28 U.S.C. § 1927 for the entire proceeding, and awarded attorneys' fees based only on Federal Rule of Appellate Procedure 38 for defending against Yan's frivolous appeal. Yan does not state a specific objection to the amount of attorneys' fees requested under Rule 38 for defending against the frivolous appeal.

    a. Reasonably Expended Hours

A review of the briefs, docket, and invoices shows that the requested hours were reasonably expended for defending against Yan's frivolous appeal, with a few

exceptions. The motion for sanctions includes a declaration by Michael J. Betz, Esq. stating that he exercised billing judgment to adjust the invoices to eliminate unnecessary duplication of effort and excessive time spent on particular tasks.

Yet the invoices include several instances where clerical work in connection with preparing the excerpts of record and the sanction motion exhibits was billed at paralegal rates, which is improper. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). The following requested hours for the paralegals are denied on this ground:

| Date | Services | Name | Hours | Amount |
|---|---|---|---|---|
| 06/04/12 | Prepare record on appeal | Terry | 2.5 | $ 587.50 |
| 06/07/12 | Prepare record on appeal | Terry | 2.0 | $ 470.00 |
| 12/04/12 | Prepare summary of legal fees | Terry | 3.2 | $ 784.00 |
| 12/06/12 | Prepare summary of costs | Terry | 1.5 | $ 367.50 |
| 12/17/12 | Prepare exhibits and total for attorneys fees motion | Terry | 6.0 | $1,470.00 |
| 11/21/13 | Prepare excerpts of record for ECF submission; File same | Cuenca | 0.4 | $ 102.00 |
| Total | | | 15.6 | $3,781.00 |

In light of fee requests in similar appeals, the remaining 67.2 hours were reasonably expended in defending against Yan's frivolous appeal. Lei, Suen, Bryant Fu, and Chen filed a 48-page answering brief and three volumes of excerpts

of record. Yan did not file a reply brief, and the appeal was submitted on the briefs without oral argument. The time requested for the motion for sanctions may be awarded under Rule 38. *See Margolis v. Ryan*, 140 F.3d 850, 854-55 (9th Cir. 1998).

### b. Reasonable Hourly Rates

The motion for sanctions cites four cases showing that the requested hourly rates for the Allen Matkins attorneys and paralegals are in line with rates prevailing in the Bay Area for similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). In addition, Betz's declaration accompanying the motion states that Allen Matkins recently conducted a survey of market rates of similarly situated firms, and that the requested rates are market rates and the same rates that Allen Matkins regularly charges and collects from other clients. Betz also states that his own hourly rate has been approved by California state courts, federal courts, and arbitrators.

Yan does not object to the requested hourly rates for the Allen Matkins attorneys and paralegals. In light of the evidence presented and the Appellate Commissioner's experience reviewing similar fee requests, the requested hourly rates for the attorneys and paralegals are reasonable, and are awarded. *Id*.

2. William Webb Farrer

Lei, Suen, Bryant Fu, and Chen request attorneys' fees on appeal in the amount of $6,500 for 13 hours of work at $500 per hour by San Francisco attorney William Webb Farrer from January 31, 2012 through May 31, 2012 (February 1, 2012 through June 25, 2012 invoices). (Farrer did not bill any expenses during the appeal.)

Yan does not object specifically to the number of hours and hourly rates requested for Farrer. Farrer represented Chen in the bankruptcy court and district court. A review of Farrer's invoices and the court's docket shows that, while the appeal was pending, Farrer primarily reviewed documents, conferred with the parties and an Allen Matkins attorney, and monitored Yan's state court action. In light of fee requests in similar appeals, Farrer's 13 hours were reasonably expended in defending against the frivolous appeal, and the hours are awarded.

Farrer is a 1980 law school graduate. Farrer states in an accompanying declaration that, upon information and belief, his $500 billing rate is the market rate. *See* Blum, 465 U.S. at 895 n.11. Farrer's statement is corroborated by the request for and award of $555 and $585 hourly rates for Betz, a 1998 graduate, and by the Appellate Commissioner's experience reviewing fee requests in similar cases. The requested hourly rate for Farrer is reasonable and is awarded.

B. Expenses

Lei, Suen, Bryant Fu, and Chen request Allen Matkins's expenses for the appeal in the amount of $2,797.68. This request is supported only by Betz's declaration. In the pro se amendment to the motion for sanctions, Lei requests Allen Matkins's additional expenses for the appeal in the amount of $683.33. This request is supported by Allen Matkins invoices for FedEx, copying, and computerized legal research charges and a statement in the amendment regarding copying charges for two documents. Lei, Suen, Bryant Fu, and Chen request doubling of the requested expenses pursuant to Federal Rule of Appellate Procedure 38 and the court's sanction award.

1. Bill Of Costs (Ninth Circuit Form 10)

Yan objects that Lei, Suen, Bryant Fu, and Chen's request for Allen Matkins's expenses does not comply with Ninth Circuit Rule 39-1.1, because it is not submitted on a bill of costs (Ninth Circuit Form 10), and therefore that it must be denied. In a pro se reply, Lei and Chen submitted a late bill of costs showing the total expenses requested for the entire proceeding, including the bankruptcy court and district court litigation. Lei and Chen did not show the costs of copying the answering brief and excerpts of record, which are the only costs taxable on appeal. *See* 28 U.S.C. § 1920; Fed. R. App. P. 39; 9th Cir. R. 39-1.

Yan's objection has partial merit. Lei, Suen, Bryant Fu, and Chen did not file a timely bill of costs within 14 days after the court's memorandum disposition. *See* Fed. R. App. P. 39(d); 9th Cir. R. 39-1.4; *Mollura v. Miller*, 621 F.2d 334, 336 (9th Cir. 1980). Thus, the costs of copying the answering brief and the excerpts of record cannot be taxed against Yan. *See Mollura*, 621 F.2d at 336. Only taxable costs are subject to doubling pursuant to the sanction award under Federal Rule of Appellate Procedure 38. *See Dohmen-Ramirez v. CFTC*, 846 F.2d 1200, 1202 & n.1 (9th Cir. 1988).

Accordingly, the request for the taxable portion of the expenses in the amount of $444.80 for 11 copies of the 48-page answering brief at $0.10 per page ($52.80) and 8 copies of the 490-page excerpts of record at $0.10 per page ($392.00) is denied. The request for double costs pursuant to Rule 38 also is denied.

2. Reasonable Non-Taxable Expenses

With regard to the reasonableness of the requested expenses, Yan objects only that the request under 28 U.S.C. § 1927 for expenses in the amount of $15,619.88 for the entire proceeding, including the bankruptcy court and district court litigation, is "excessive and inflated." But the court did not grant the request for attorneys' fees and costs under 28 U.S.C. § 1927 for the entire proceeding, and

awarded attorneys' fees only pursuant to Federal Rule of Appellate Procedure 38. Yan does not state a specific objection to the amount of non-taxable expenses requested pursuant to Rule 38.

Yan also does not specifically object to awarding, as part of the award pursuant to Federal Rule of Appellate Procedure 38, the remaining requested expenses in the amount of $3,036.21 that were not eligible for taxation. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010). After excluding the portion of the requested expenses that was taxable, the remaining non-taxable expenses in the amount of $3,036.21 are reasonable, and they are awarded.

### III
### Conclusion

Attorneys' fees and non-taxable expenses in the amount of $35,004.71 are awarded in favor of Crystal Lei, Wei Suen, Bryant Fu, and Stella Hong Chen and against Demas Wai Yan.

This order amends the court's mandate. *See* Fed. R. App. P. 41.